IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
BARRY JONES                    :     CIVIL ACTION
                               :
                               :
          v.                   :
                               :
                               :
ROBERT D. SHANNON, et al.      :     NO. 06-2147
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    October 19, 2007

      On August 24, 2007, the petitioner filed three motions related to this Court's denial of his previous habeas petition. The motion for relief under Rule 60(b) sets out the substance of the petitioner's claim. The other motions relate to the procedural aspects of the case. The Court dismissed the petitioner's habeas petition as time barred on September 15, 2006. The United States Court of Appeals for the Third Circuit affirmed that dismissal on March 27, 2007.

      The petitioner claims that the Court's dismissal of his habeas petition was procured by fraud, and that the Court should relieve him from the judgment under Rule 60(b)(3), which provides for relief where "fraud, misrepresentation, or other misconduct of an adverse party" has occurred. Fed. R. Civ. P. 60(b)(3). He

contends that the Pennsylvania Superior Court's September 12, 2000, order dismissing his first Post Conviction Relief Act ("PCRA") petition was invalid, and that therefore his claim for habeas was not time barred.  The petitioner claims that the Superior Court committed fraud in its decision and that the state prosecutor fraudulently presented information about his first PCRA petition to the Court.  He contends that the Court relied on that fraudulent information in dismissing his habeas petition.

The United States Court of Appeals for the Third Circuit held in Pridgen v. Shannon that "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.  However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."  380 F.3d 721, 727 (3d Cir. 2004).

The United States Supreme Court held in Gonzalez v. Crosby that "a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.  A motion that . . . challenges only the District Court's failure to

2

reach the merits does not warrant such treatment and can therefore be ruled upon by the District Court without precertification by the Court of Appeals." 545 U.S. 524, 538 (2005). The District Court has jurisdiction "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532. The Court gives "fraud on the federal habeas court" as an example of such a defect in integrity. Id. n.5. However, if a Rule 60(b) motion sets forth a claim for habeas relief under 28 U.S.C. § 2244, the motion must be considered a successive petition for habeas relief, which requires authorization from the circuit court of appeals. Id. at 538.

The petitioner has alleged fraud on the federal habeas court. However, he merely repeats the allegations from his habeas petition about the invalidity of the September 12, 2000, Superior Court order dismissing his first PCRA petition. Although he mentions fraud repeatedly in his motion, the petitioner adds only that the state prosecutor and the Superior Court perpetrated fraud, with no supporting details. The Court addressed the claim about the Superior Court order's validity in its dismissal of the petitioner's habeas petition: "Although this Court sees little factual basis for this claim, such a

determination is unnecessary.  Error at PCRA proceedings is not a valid ground for habeas corpus relief.  <u>Lambert v. Blackwell</u>, 387 F.3d 210, 247 (3d Cir. 2003), <u>cert. denied</u>, 125 S. Ct. 2516 (2005)."

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.  28 U.S.C. 2244(b)(1).  A petitioner seeking to file a second or successive petition that contains a new claim must move in the appropriate court of appeals for an order directing the district court to consider the application.  Without such an order, the district court lacks subject matter jurisdiction and the petition will be dismissed without prejudice.  <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 641 (1998); <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996); <u>Benchoff v. Colleran</u>, 404 F.3d 812, 816 (3d Cir. 2005).

The petitioner's claim in his Rule 60(b) petition is virtually identical to the claim in his previously dismissed habeas petition.  An unsupported fraud claim layered on top of restated allegations from a previous habeas petition does not properly state a claim under Rule 60(b)(3).  Rather, it is a successive habeas petition.  Because the petitioner has not been

authorized by the United States Court of Appeals for the Third Circuit to file a successive petition, this Court lacks jurisdiction.

Even if the Court considered the petitioner's Rule 60(b) petition on the merits, he has provided no evidence of fraud. At various points in his motion the petitioner argues that the "state prosecutor knowingly and or improperly influenced" the Court and that "the PCRA Ct's finding[s] . . . are a fraudulent misrepresentation of Pa. law." Pet. Mot. 12, 18. It is unclear what fraudulent or improper actions the prosecutor is alleged to have taken, beyond presenting the Superior Court order as evidence that the petitioner's claim was time barred. There is no factual support to the petitioner's contention that the Court was misled by fraud or misrepresentation when it dismissed his habeas petition. For the foregoing reasons, petitioner's motions are denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
BARRY JONES                    :       CIVIL ACTION
                               :
        v.                     :
                               :
ROBERT D. SHANNON, et al.      :       NO. 06-2147
```

ORDER

AND NOW, this 19th day of October, 2007, upon consideration of the petitioner's application to stay court proceedings (Docket No. 23), his motion for an order to show cause (Docket No. 24), and his motion for relief under Fed. R. Civ. P. 60(b) (Docket No. 25), for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The application to stay court proceedings is DENIED;

2. The motion for an order to show cause is DENIED;

3. The motion for relief under Rule 60(b) is DENIED.

BY THE COURT:

/s/ Mary A. McLaughlin
Mary A. McLaughlin, J.